United States District Court
Middle District of Florida
Jacksonville Division

**AUTO-OWNERS INSURANCE CO.,**

    *Plaintiff,*

V.                                           **NO. 3:17-CV-817-J-34PDB**

**ENVIRONMENTAL HOUSE WRAP, INC., ETC.**

    *Defendants.*

_____

## Report & Recommendation

For a townhome project for defendant Biscayne Bay Homeowners Association, defendant The Ryland Group was the general contractor, defendant Environmental House Wrap was a subcontractor, and plaintiff Auto-Owners Insurance was a commercial general liability insurer. In a state action, the homeowners association is suing the general contractor for breach of implied warranty, negligence, and violations of building codes; and the general contractor is suing the subcontractor for breach of contract, negligence, contractual indemnification, common-law indemnification, and violations of building codes.

In this action, the insurer is seeking declaratory relief against the general contractor, subcontractor, and homeowners association concerning obligations under the insurance policy. Doc. 1. The general contractor has answered the complaint, Doc. 8, and the Court has entered a case management and scheduling order setting a November 2018 mediation deadline and a May 2019 trial, Doc. 16. The subcontractor and the homeowners association have not appeared despite service of process, and the clerk has entered default against them, Docs. 11, 14. Before the Court are the insurer's motions for default judgment against the subcontractor and the homeowners association. Docs. 20, 22. The motions include no legal memoranda.

## Allegations

Through the complaint and its exhibits, the insurer alleges these facts.

From 2004 to 2008, the general contractor acted as developer and general contractor on a townhome project for the homeowners association. Doc. 1 ¶¶ 6, 8, 10–12. In 2004, the general contractor contracted with the subcontractor to provide window flashing and house wrapping for the project. Doc. 1 ¶ 8; Doc. 1-2 at 5. In 2005, the insurer issued a commercial general liability policy to the subcontractor for November 2005 through November 2006. Doc. 1 ¶ 21.

In May 2016, the homeowners association filed a complaint in state court against the general contractor for construction defects on the project. Doc. 1 ¶¶ 10, 11. In November 2016, the homeowners association filed an amended complaint against the general contractor for breach of implied warranty, violation of the building code, and negligence. Doc. 1 ¶ 14; Doc. 1-1 at 8–12. The same month, the general contractor filed a third-party complaint against the subcontractor for breach of contract, negligence, contractual indemnification, common-law indemnification, and violations of the building code under Fla. Stat. § 553.84. Doc. 1 ¶ 19, Doc. 1-3 at 32–37. (The state action involves additional parties. Doc. 1-3.)

The policy provides the insurer will pay damages it is legally obligated to pay for bodily injury or property damage caused by an occurrence in the coverage territory during the policy period.[1] Doc. 1 at 5–6; Doc. 1-4 at 8. The insurer has "the right and duty to defend the insured against any 'suit' seeking those damages." Doc. 1 at 5; Doc. 1-4 at 8. The policy lists exclusions, some of which the insurer copies in the complaint. Doc. 1 at 7–8; Doc. 1-4 at 8–11.

Attached to the policy is an endorsement titled "Additional Insured Exclusion—Products-Completed Operations." Doc. 1 at 8–9; Doc. 1-4 at 7. The

---

[1]The policy defines "bodily injury," "property damage," "occurrence," and "coverage territory." Doc. 1-4 at 18–21.

endorsement modifies insurance under the policy and lists the general contractor as an additional insured. Doc. 1-4 at 7. The endorsement explains the general contractor is an additional insured "but only with respect to liability arising out of 'your work' for that insured by or for [the subcontractor]" and specifies insurance for a "products-completed operations hazard" is unavailable to the general contractor. Doc. 1-4 at 7. The policy defines "your work" as "work or operations performed by [the subcontractor] or on [the subcontractor's] behalf; and [m]aterials, parts or equipment furnished in connection with such work or operations." Doc. 1-4 at 21. A "products-completed operations hazard" "includes all 'bodily injury' and 'property damage' occurring away from [a] premises you own or rent and arising out of 'your product' or 'your work' except [p]roducts that are still in your physical possession [or] [w]ork that has not been completed or abandoned." Doc. 1-4 at 20.

In this action, the insurer brings four claims. In count I, the insurer seeks a declaration it has no duty to defend or indemnify the general contractor and subcontractor for any damages excluded under the definition of "property damage" and outside the policy period. Doc. 1 ¶¶ 30–31. In count II, the insurer seeks a declaration it has no duty to defend or indemnify the general contractor and subcontractor under a "Damage to Your Work" provision that excludes coverage for damages from defective work. Doc. 1 ¶¶ 35, 36. In count III, the insurer seeks a declaration it has no duty to defend or indemnify the general contractor and subcontractor under "one or more" exclusions. Doc. 1 ¶ 39. The insurer contends a "Contractual Liability" exclusion applies, which states, "[I]f the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an 'insured contract.'" Doc. 1 at 7; Doc. 1 ¶ 40. The insurer also contends a "Damage to Property" exclusion applies, which precludes coverage for property that must be restored, repaired, or replaced because the insured performed the work incorrectly. Doc. 14 ¶ 41. In count IV, the insurer seeks a declaration it has no duty to defend or indemnify the general contractor as an additional insured under the policy because coverage is excluded for products-completed operations and for work not directly attributable to the subcontractor's

3

performance of work. Doc. 1 ¶¶ 44–48. In counts I through III, the insurer also seeks costs for bringing this action. Doc. 1 ¶¶ 31, 36, 42.

All counts relate to the insurer's obligations to the general contractor and subcontractor. The insurer explains the homeowners association "was made a party … to be bound by the declaratory judgment. If [the homeowners association] agrees to be bound by any declaratory judgment entered in this matter, no further response to the declaratory action will be required of [it]." Doc. 1 ¶ 6.

## Law & Analysis

Federal Rule of Civil Procedure 54(b) governs judgment in an action involving multiple claims or multiple parties. It provides, "When an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Federal Rule of Civil Procedure 55(b) governs default judgment. It provides that after entry of default by the clerk under Rule 55(a), if there is no sum certain, a party "must apply to the court for a default judgment," and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

"The entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). As "sound policy," "when defendants are similarly situated … judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

To avoid possible inconsistent judgments against similarly situated defendants in declaratory judgment actions on duties to defend or indemnify under insurance policies, district courts in the Eleventh Circuit—including this Court—have repeatedly declined to enter early default judgment against a defendant if another defendant has appeared to defend the action. *See, e.g., Watermark Constr., L.P. v. Southern-Owners Ins. Co.*, No. 6:17-cv-1814-Orl-40TBS, 2018 WL 1305913, at *7 (M.D. Fla. Mar. 13, 2018) (unpublished); *Atrium 5 Ltd. v. Hossain*, No. 6:16-cv-1964-Orl-22TBS, 2017 WL 2562543, at *2–3 (M.D. Fla. May 26, 2017) (unpublished; report and recommendation adopted); *Southern Owners Ins. Co. v. Gallo Bldg. Servs., Inc.*, No. 8:15-cv-1440-EAK-EAJ, 2016 WL 1703359, at *2 (M.D. Fla. Apr. 26, 2016) (unpublished); *Infinity Auto Ins. Co. v. Zaldivar*, No. 14-22954-Civ-COOKE/TORRES, 2015 WL 11233080, at *2 (S.D. Fla. July 27, 2015) (unpublished); *Northfield Ins. Co. v. America's Best Choice Sec. Agency*, No. 14-cv-61808-UU, 2014 WL 11776949, at *1 (S.D. Fla. Nov. 19, 2014) (unpublished); *Essex Ins. Co. v. SEGA Ventures, LLC*, No. CV413-253, 2014 WL 12658952, at *1 (S.D. Ga. Sept. 19, 2014) (unpublished); *Owners Ins. Co. v. Shamblin & Shamblin Builders, Inc.*, No. 8:13-cv-1929-T-30MAP, 2013 WL 6170597, at *1–2 (M.D. Fla. Nov. 21, 2013) (unpublished); *Mobley v. Safeco Ins. Co.*, No. 6:12-cv-70-Orl-37DAB, 2012 WL 12899020, at *2 (M.D. Fla. Dec. 6, 2012) (unpublished; report and recommendation adopted); *North Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378826 at *3–4 (M.D. Fla. Sept. 4, 2010) (unpublished; report and recommendation adopted); *Essex Ins. Co. v. Anchor Marine Enviro. Servs., Inc.*, No. 6:10-cv-340-Orl-28DAB, 2010 WL 5174025 at *1–2 (M.D. Fla. Nov. 18, 2010) (unpublished; report and recommendation adopted); *Progressive Specialty Ins. Co. v. E & K Trucking, Inc.*, No. 08-0719-WS-B, 2010 WL 2383971, at *7 (S.D. Ala. June 11, 2010) (unpublished); *Northern Assurance Co. v. Bayside Marine Constr., Inc.*, No. 08-0222-KD-B, 2008 WL 11395510, at *2 (S.D. Ala. Nov. 20, 2008) (unpublished).

Here, denial of the motions for default judgment without prejudice is warranted for two reasons. First, the insurer failed to provide memoranda of legal authorities as required by Local Rule 3.01(a). Second, there is just reason for delay—

5

the parties are similarly situated and there is a risk of inconsistent judgments. In counts I, II, and III, the insurer seeks declarations against both the general contractor (the active defendant) and the subcontractor (the defaulting defendant) based on interpretations of the same policy provisions (for count I, "property damage" and the policy period; for count II, "damage to your work"; and for count III, exclusions). As to the homeowners association, if the judgments against the general contractor and the subcontractor vary, it will be unclear to which the homeowners association is bound.

## Recommendation[2]

I recommend **denying** the insurer's (Auto-Owner Insurance Company's) motions for default judgment against the homeowner's association (Biscayne Bay Homeowners Association, Inc.), Doc. 20, and the subcontractor (Environmental House Wrap, Inc.), Doc. 22, without prejudice to renewal when the action is ripe for final adjudication against all defendants.

**Entered** in Jacksonville, Florida, on May 14, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[2]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

c:      The Honorable Marcia Morales Howard

         Counsel of record

         Biscayne Bay Homeowners Association
         c/o Interlaced Property Solutions, LLC
         5991 Chester Avenue, #203
         Jacksonville, FL 32217

         Environmental House Wrap, Inc.
         13218 Huguenot Lane
         Jacksonville, FL 32225-1214